# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHARON LUNDSTROM,**
        Plaintiff,

v.                                                                                   Case No. 12-C-0669

**EBI, LLC f/k/a EBI, LP, et al.,**
        Defendants.

## ORDER

      Sharon Lundstrom has filed a complaint in this court and asserts that federal subject-matter jurisdiction exists under the diversity jurisdiction, 28 U.S.C. § 1332(a). However, the allegations of her complaint do not support this assertion.

      First, plaintiff alleges that EBI, LLC is an Indiana corporation. However, since "LLC" appears in the name of the company, it seems likely that the company is a limited liability company rather than a corporation. The citizenship of a limited liability company is the citizenship of each of its members, see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006), and thus if EBI, LLC is actually a limited liability company rather than a corporation, I need to know the citizenship of its members rather than the identity of the state in which it is incorporated or in which it has its principal place of business. Thus, Lundstrom must either confirm that EBI, LLC is a corporation rather than a limited liability company or, if it is really a limited liability company, identify the citizenship of its members.

      Second, plaintiff's allegations involving EBI Patient Care, Inc. are inadequate. All that plaintiff alleges is that this entity has its principal place of business in New Jersey. However, assuming that EBI Patient Care, Inc. is a corporation, I need to know its state of

incorporation in addition to its principal place of business. See 28 U.S.C. § 1332(c)(1). Thus, plaintiff must make clear whether this entity is a corporation and, if it is one, identify its state of incorporation.

Third, plaintiff's allegations involving EBI Medical Systems, LLC are inadequate. Plaintiff alleges that this entity is a limited liability company, but she fails to identify the citizenship of its members. Thus, plaintiff must correct this omission if she wishes to proceed in federal court.

**THEREFORE, IT IS ORDERED** that plaintiff shall file an amended complaint correcting the defects identified above within fourteen days of the date of this order. If the defects are not corrected within that time, this action will be dismissed for lack of subject-matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 3rd of July 2012.

                                  s/ Lynn Adelman
                                  LYNN ADELMAN
                                  District Judge